UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIUS ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT BATSEL, <br><br> Defendant. | CAUSE NO. 3:22-CV-1014-JD-MGG |

OPINION AND ORDER

Julius Anderson, a prisoner without a lawyer, is proceeding in this case "against Sgt. Scott Batsel in his individual capacity for compensatory and punitive damages for using excessive force against Anderson, in violation of the Eighth Amendment[.]" ECF 15 at 4. On January 5, 2024, Sgt. Batsel filed a motion for summary judgment, arguing Anderson did not exhaust his administrative remedies before filing this lawsuit. ECF 22. With the motion, Sgt. Batsel provided Anderson the notice required by N.D. Ind. L.R. 56-1(f). ECF 25. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago,

but Anderson has not responded. Therefore the court will now rule on Sgt. Batsel's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh

Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Batsel provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Anderson's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP. ECF 22-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 22-2 at 3. On September 28, 2021, Anderson submitted Grievance 133140, complaining Sgt. Batsel used excessive force against him. ECF 22-1 at 6; ECF 22-3 at 1. On October 19, 2021, the grievance office denied Grievance 133140 on its merits. ECF 22-1 at 6; ECF 22-3 at 2. Anderson submitted a Level I appeal to the warden, which was denied. ECF 22-1 at 6-7; ECF 22-3 at 3-6. Anderson never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust Grievance 133140. ECF 22-1 at 7; ECF 22-4 at 1.

Here, because it is undisputed Anderson did not fully exhaust Grievance 133140, and Anderson provides no evidence he submitted any other relevant grievance or his

---

[1] Because Anderson has not responded to Sgt. Batsel's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Anderson's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

administrative remedies were in any way unavailable, Sgt. Batsel has met his burden to show Anderson did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Sgt. Batsel's summary judgment motion (ECF 22); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Batsel and against Julius Anderson and to close this case.

SO ORDERED on April 5, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT